# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIER HOTEL MANAGEMENT, INC., Plaintiff<br>v.<br>SANJAY VARMA and MANJU VARMA, Defendants<br>v.<br>PREMIER HOTEL MANAGEMENT, INC.; PREMIER HOTEL GROUPS, LLC; MAHALAXMI GROUP, LLC; MAHALAXMI MANAGEMENT, INC.; MANOO MATTA; CHHAGAN PATEL; PRAKASH SHAH; DHIRU PATEL; NAVNEET PATEL, RAMAN PATEL and LACHHU DADLANI<br>Counterclaim Defendants | No. 3:09cv1390<br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the motion to amend the counterclaim by Counterclaim Plaintiffs Sanjay Varma and Manju Varma. The motion has been fully briefed and is ripe for disposition.

## BACKGROUND

Plaintiff Premier Hotel Management, Inc. ("Premier") filed its complaint on July 17, 2009 asserting one count of conversion against Defendants Sanjay and Manju Varma. (Compl. (Doc. 1)). The defendants answered the complaint on October 19, 2009 and asserted a counterclaim against Counterclaim Defendants, Premier Hotel Management, Inc., Premier Hotel Groups, LLC, Mahalaxmi Group, LLC, Mahalaxmi Management, Inc., Manoo Matta, Chhagan Patel, Prakash Shah, Dhiru Patel, Navneet Patel, Raman Patel and Lachhu Dadlani. (Doc. 5).

The nature of the counterclaims are as follows. Counterclaim Plaintiff Manju Varma asserts a derivative claim on behalf of Premier Hotel Management, Inc. against Manoo Matta, Chhagan Patel, Prakash Shah,

Dhiru Patel, Navneet Patel, Raman Patel and Lachhu Dadlani (Count I). (Counterclaim ¶¶ 26-36 (Doc. 5)). Counterclaim Plaintiff Manju Varma asserts a claim for breach of fiduciary duty against Manoo Matta, Chhagan Patel, Prakash Shah as majority shareholders of Premier Hotel Management, Inc. and Premier Hotel Groups, LLC (Count II).[1] (Id. ¶¶ 37-47). Counterclaim Plaintiff Sanjay Varma asserts a claim for breach of fiduciary duty against Manoo Matta, Chhagan Patel, Prakash Shah as majority owners of Mahalaxmi Group, LLC and Mahalaxmi Management, Inc. (Count III). (Id. ¶¶ 48-58).

On November 22, 2010, the Counterclaim Defendants moved for partial summary judgment. (Doc. 19). The basis for their motion is that Counterclaim Defendant Prakash Shah is not a shareholder of Premier Hotel Management, Inc., Premier Hotel Groups, LLC, or Mahalaxmi Group, LLC.[2] Therefore, the Counterclaim Defendants argue, (1) Counterclaim Defendant Prakash Shah must be dismissed from the action and (2) Counts II and III of the counterclaim fail to allege an action by the majority of shareholders and should be dismissed.[3] In response to the motion for

---

[1] Count II of the counterclaim only specifies Premier Hotel Management, Inc. by name, not Premier Hotel Groups, LLC. At times, however, Count II of the counterclaim refers to "the corporations." The Counterclaim Defendants interpret Count II as a derivative claim on behalf of both Premier Hotel Management, Inc. and Premier Hotel Groups, LLC and we treat it as such. (See Defs.' Br. Supp. Mot. for Summ. J. (Doc. 21 at 8); Defs.' Br. Opp. Mot. to Am. (Doc. 30 at 2)).

[2] The Counterclaim Defendants indicate that Mahalaxmi Management, Inc. does not exist and should be dismissed from the action. (Doc. 19 at 3; Doc. 21 at 10).

[3] Regarding Count II, the Counterclaim Defendants note that Manoo Matta owns 29.25% of the "Premier Entities" and Chhagan Patel owns

2

partial summary judgment, Counterclaim Plaintiffs Sanjay and Manju Varma filed a motion to amend their counterclaim. (Doc. 24). Having learned that Counterclaim Defendant Prakash Shah is not an individual member of Premier Hotel Groups, LLC or Premier Hotel Management, Inc., the counterclaim plaintiffs seek to substitute First Growth Group, Inc. for Prakash Shah. First Growth Group, Inc., of which Prakash Shah is a principal, is a 13.5% owner of Premier Hotel Groups, LLC or Premier Hotel Management, Inc. On January 14, 2011, the counterclaim plaintiffs filed their Proposed Amended Answer, Counterclaim and Affirmative Defenses. (Doc. 28).

## JURISDICTION

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading is served only by leave of the court. FED. R. CIV. P. 15(a). District courts are obligated to

---

19.125%. Thus, discounting shares owned or otherwise controlled by Prakash Shah, Counterclaim Plaintiff has only plead action by shareholders who account for a total of 48.375% of the shares of the Premier Entities and fails to allege action by a true majority. (Doc. 21 at 9). Regarding Count III, the Counterclaim Defendants note that Manoo Matta, Chhagan Patel, Prakash Shah are not members of Mahalaxmi Group, LLC, Mahalaxmi Management, Inc. (Doc. 21 at 10).

grant leave freely "when justice so requires." FED. R. CIV. P. 15(a). Although decisions on motions to amend are committed to the sound discretion of the district court, Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990), courts liberally allow amendments when "justice so requires," and when the non-moving party is not prejudiced by the allowance of the amendment. Thomas v. State Farm Ins. Co., No. Civ. A. 99-CV-2268, 1999 WL 1018279, at *3 (E.D. Pa. Nov. 5, 1999).

The Supreme Court discussed the liberal standard to amend a complaint under Rule 15(a), when it found in Forman v. Davis that "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment . . . , the leave sought should, as the rules require, be freely given." Provenzano v. Integrated Genetics, et al., 22 F. Supp. 2d 406, 410-11 (3d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In applying Rule 15(a), the Third Circuit Court of Appeals regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Absent undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the Virgin Islands, 663 F.2d 419, 425 (3d Cir.1981) (citing Cornell, 573 F.2d at 823).

The Counterclaim Plaintiffs argue that there is no prejudice or surprise to the Counterclaim Defendants because the Counterclaim

4

Defendants knew that First Growth Group, Inc., and not Prakash Shah, was the object of the counterclaim and the proper counterclaim defendant.

The Counterclaim Defendants argue that there has been considerable delay by the Counterclaim Plaintiffs in seeking to amend the pleadings. They note that their counterclaim answers on November 18, 2009 and December 14, 2009 explicitly stated that, "[Prakash Shah] does not individually own any of the authorized, issued and outstanding shares of Premier Hotel Management, Inc., Premier Hotel Group, LLC, Mahalaxmi Group, LLC or the non-existent Mahalaxmi Management, Inc." (Pl.'s Counterclaim Answer ¶ 4 (Doc. 8); Counterclaim Defs.' Counterclaim Answer ¶ 4 (Doc. 12)). Additionally, the Plaintiff's Answers to Interrogatories, provided to the Counterclaim Plaintiffs on November 23, 2009, clearly indicate that First Growth Group, Inc. is a member of Premier Hotel Management, Inc. while Prakash Shah is not listed as a shareholder. (Excerpts of Plaintiff's Answers to Interrogatories (Doc. 30-1)). Finally, on March 9, 2010 counsel for the plaintiff provided initial disclosures which listed "Prakash Shah, principal of First Growth Group, Inc." as a witness. (Doc. 30-2). Thus, the Counterclaim Plaintiffs had at least eight months to amend their pleading before the dispositive motion deadline of November 20, 2010. (Doc. 18).

Though it is clear that the Counterclaim Plaintiffs have had notice of the majority of the new facts underlying their motion to amend for nearly one year, we do not find that the Counterclaim Plaintiffs acted out of a dilatory motive or with bad faith. Additionally, it is apparent that other claims and counterclaims remain for trial, regardless of whether the motion for leave to amend is granted or denied. There has been no argument from the Counterclaim Defendants that the claims against First Growth Group, Inc. would be time-barred in another action. Therefore, the only

5

question is whether the Counterclaim Defendants are unduly prejudiced by the substitution of First Growth Group, Inc. for Prakash Shah. It would seem that little or no additional discovery will be necessary for the Counterclaim Defendants to defend an action against First Growth Group, Inc. instead of Prakash Shah. Factually and legally, the nature of the counterclaim remains the same and Prakash Shah, whether as an individual or as principal of First Growth Group, Inc., has had notice of the counterclaim since it was served upon him. Thus, we find that justice would be best served by disposing of all of the claims relating to this dispute in one action. For these reasons, the Counterclaim Plaintiffs' motion to amend the counterclaim and substitute parties will be granted.[4]

## CONCLUSION

For the reasons stated above, the motion to amend the counterclaim and substitute First Growth Group, Inc. as a named party in the place of Prakash Shah will be granted. An appropriate order follows.

---

[4] Because we allow the Counterclaim Plaintiffs to amend their counterclaim and file their proposed amended complaint, the relief sought by the Plaintiffs / Counterclaim Defendants in their motion for summary judgment (Doc. 19) is at least partially moot. Accordingly the motion for summary judgment will be denied without prejudice to the Plaintiffs / Counterclaim Defendants refiling a motion for summary judgment in light of the amended counterclaim and the substituted parties.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIER HOTEL MANAGEMENT, INC., Plaintiff | : No. 3:09cv1390 |
| v. | : |
| SANJAY VARMA and MANJU VARMA, Defendants | : (Judge Munley) |
| v. | : |
| MANOO MATTA; PREMIER HOTEL MANAGEMENT, INC.; PREMIER HOTEL GROUPS, LLC; MAHALAXMI GROUP, LLC; MAHALAXMI MANAGEMENT, INC.; MANOO MATTA; CHHAGAN PATEL; PRAKASH SHAH; DHIRU PATEL; NAVNEET PATEL, RAMAN PATEL and LACHHU DADLANI | : |
| **Counterclaim Defendants** | : |

## ORDER

**AND NOW**, to wit, this **2ⁿᵈ** day of March 2011, upon consideration of the motion by Defendants and Counterclaim Plaintiffs Sanjay Varma and Manju Varma to amend their pleadings (Doc. 24), it is HEREBY **ORDERED** that the motion is **GRANTED**. The clerk of court is directed to file the proposed Amended Answer, Counterclaim and Affirmative Defenses and substitute First Growth Group, Inc. as a counterclaim defendant in the place of Prakash Shah. (Doc. 28). The Counterclaim Plaintiffs shall serve the counterclaim upon First Growth Group, Inc.

The motion for summary judgment of Counterclaim Defendants, Premier Hotel Management, Inc., Premier Hotel Groups, LLC, Mahalaxmi Group, LLC, Mahalaxmi Management, Inc., Manoo Matta, Chhagan Patel, Prakash Shah, Dhiru Patel, Navneet Patel, Raman Patel and Lachhu Dadlani (Doc. 19) is HEREBY **DENIED** as moot, without prejudice to the Counterclaim Defendants refiling a motion for summary judgment within

7

thirty days from the date of this order, or otherwise requesting additional discovery on the amended counterclaim.

BY THE COURT:

s/ James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**